UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**REAL PROPERTY 4433 N. BAY RD MIAMI BEACH, FLORIDA 33140 FLORIDA 32836;**<br><br>**REAL PROPERTY 1508 PENNSYLVANIA AVE UNIT 1B, MIAMI BEACH, FLORIDA 33139;**<br><br>**4812 PINE TREE DRIVE, UNIT 203, MIAMI BEACH, FLORIDA 33140;**<br><br>**ALL ACCOUNTS AT PAYPAL IN THE NAMES OF CATHERINE SZULZINGER, YARIV SUPRAVSKY, CAYA DIAMONDS, LLC CAYA 4433 LLC, CAYA 1508 LLC, CAYA 15081B LLC, CAYA 1512 LLC;**<br><br>**THE CONTENTS OF ONE SAFE DEPOSIT BOX AT BANK OF AMERICA ACCOUNT ENDING IN 5258 IN THE NAME OF CATHERINE SZULZINGER;** | Civil Action No. 18-mc-00114 (TSC) |

## **ORDER**

This matter comes to the court on the United States' Ex Parte Application to enforce and register a Foreign Restraining Order Pursuant to 28 U.S.C. § 2463(d)(3). In its Ex Parte Application, the United States seeks an order pursuant to 28 U.S.C. § 2463(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j)(1)(A), which provides this court with jurisdiction to register

1

and enforce restraining orders and take such other action in connection with any property or other interest subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture; and,

Whereas the United States' Ex Parte Application seeks enforcement of four Belgian restraining orders against the following assets which are nominally held by the CAYA LLC entities, but are beneficially controlled by Yariv Supravsky, as well as Catherine Szulzinger, his nominee, and both who are suspects in a Belgian criminal investigation into diamond and loan fraud in the Kingdom of Belgium:

(1) Real property located at 4812 Pine Tree Drive, Unit 203, Miami Beach, FL 33140, in the name of CAYA 4812 LLC, including any rental income;

(2) Real property located at 1508 Pennsylvania Avenue Unit 1B, Miami Beach, FL, 33139, in the name of CAYA 15081B LLC, including any rental income;

(3) Real property located at 4433 N. Bay Road, Miami Beach, FL 33140, in the name of CAYA 4433 LLC, including any rental income;

(4) All accounts at Paypal in the names of Catherine Szulzinger, Yariv Supravsky, CAYA Diamonds, LLC, CAYA 4433 LLC, CAYA 1508 LLC, Caya 15081B LLC, CAYA 1512 LLC, and

(5) One safe deposit box at Bank of America account ending in 5258 in the name of Catherine Szulzinger.

Whereas, upon consideration of the United States' Ex Parte Application, this court hereby finds that:

(a) This court has jurisdiction over the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the U.S. District Court for the District of Columbia;

(b) The United States and the Kingdom of Belgium are parties to a bilateral agreement providing for forfeiture assistance, namely, the Treaty Between the Government of the United States of America and the Kingdom of Belgium on Mutual Legal Assistance in Criminal Matters, U.S.-Belg., Jan. 28, 1988, S. TREATY DOC. NO. 100-16 (1988);

(c) On September 15, 2017, and on February 12-13, 2018, Examining Magistrate Judge Bie Melis of the Court of First Instance of Antwerp Belgium, issued four Restraining Orders to preserve specific property beneficially owned by Yariv Supravsky and Catherine Szulzinger that is subject to confiscation (forfeiture) under Belgian law; such orders were sent to the United States through mutual legal assistance requests from Belgium to the U.S. Department of Justice;

(d) On July 30, 2018, the Attorney General of the U.S. Department of Justice, through his designee, certified that enforcement of the Belgian restraining orders against the property in Florida is "in the interest of justice;"

(e) The Belgian restraining orders have been rendered under a system of law compatible with the requirements of due process;

(f) The Court of First Instance in Antwerp, Belgium, has jurisdiction over the subject matter of the criminal and confiscation proceedings pursuant to which the Belgian restraining orders were issued; and

(g) There is no indication that the Belgian restraining orders were obtained by fraud.

Now, therefore, it is hereby ORDERED, adjudged, and decreed, pursuant to 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j), that:

1. The four Belgium Restraining Orders (ECF No. 1-2), two of which were issued September 15, 2017, one of which was issued on February 12, 2018, and the last which was issued on February 13, 2018, are hereby REGISTERED AND ENFORCED by this court;

2. The property listed above is hereby ordered RESTRAINED;

3. With respect to the above-described property in Florida, Yariv Supravsky, Catherine Szulzinger, and corporate CAYA LLC entities, and all persons, companies, entities, managers, agents, servants, employees, attorneys, family members, and those persons in active concert or participation with either Yariv Supravsky or Catherine Szulzinger, are hereby ENJOINED AND RESTRAINED from transferring, selling, assigning, pledging, distributing, giving away, encumbering, leasing, subleasing, or otherwise participating in the disposal of the above-described property, by mortgage, corporate transfer, or otherwise, without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard;

4. Under this Order, the current owner(s) or occupant(s) of the Florida properties shall not be evicted or deprived of their use and enjoyment of any restrained property, however, no new leases or rental agreements shall be entered into without notification to the United States and approval of the United States;

5. With respect to the Florida properties, Yariv Supravsky and Catherine Szulzinger, and any person, company, entity, agent, servant, employee, attorney, family member, or representative and those persons in active concert or participation with either Yariv Supravsky and Catherine Szulzinger, shall pay all fees and taxes associated with the property, including any common charges accrued and due during the pendency of this court's Order; and

6. This Order shall become effective immediately and shall remain in full force and effect until any final confiscation orders or judgments obtained pursuant to the Belgian criminal and confiscation proceedings is enforced by this court; until the Belgian restraining orders have been quashed, discharged, or modified in a substantive way affecting these U.S. assets and the United States seeks an amended Order; or, until the United States applies for a release of this Order on its own accord.

It is FURTHER ORDERED THAT the Attorney General of the United States or his duly authorized representative shall:

7. Give effect to this Order by recording a notice of lis pendens with the relevant County Recorder's Office, and may maintain any notice of lis pendens so long as this Order is in effect;

8. Provide a copy of this Order to any known beneficial owner of the aforementioned asset and to anyone else known to the United States as holding a protected interest in the Asset.

**SO ORDERED.**

Date:  November 20, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge