UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**REAL PROPERTY 4433 N. BAY RD, MIAMI BEACH, FLORIDA 33140,** *et al.*,<br><br>**Defendants.** | No. 18-mc-00114-TSC-ZMF |

**MEMORANDUM OPINION**

I.    BACKGROUND

The United States of America previously submitted an ex parte application for a restraining order pursuant to 28 U.S.C. § 2467(d)(1) and (d)(3), and 18 U.S.C. § 983(j), to enforce Belgian restraining orders to preserve the availability of U.S. assets subject to forfeiture in the Kingdom of Belgium.  *See* ECF No. 1; *see also* Stefan D. Cassella, *Recovering the Proceeds of Foreign Crimes that Are Found in the United States*, 46 N.C. J. Int'l L. 535, 569 (2021) (reviewing the § 2467 framework).  The Belgian restraining orders were connected to the prosecution of Yariv Supravsky.  *See id.*  On November 20, 2018, Judge Chutkan issued the requested restraining order. *See* ECF No. 7.  The Court's order restrained the following properties:

(1) Real property located at 4812 Pine Tree Drive, Unit 203, Miami Beach, FL 33140, in the name of CAYA 4812 LLC, including any rental income;

(2) Real property located at 1508 Pennsylvania Avenue Unit 1B, Miami Beach, FL, 33139, in the name of CAYA 15081B LLC, including any rental income;

1

    (3) Real property located at 4433 N. Bay Road, Miami Beach, FL 33140, in the name of CAYA 4433 LLC, including any rental income ("Bay Road Property");

    (4) All accounts at Paypal in the names of Catherine Szulzinger, Yariv Supravsky, CAYA Diamonds, LLC, CAYA 4433 LLC, CAYA 1508 LLC, Caya 15081B LLC, CAYA 1512 LLC, and

    (5) One safe deposit box at Bank of America account ending in 5258 in the name of Catherine Szulzinger.

*Id.* at 2. The Court's order further enjoined Supravsky, Szulzinger, and anyone acting in concert with them from "transferring, selling, assigning, pledging, distributing, giving away, encumbering, leasing, subleasing, or otherwise participating in the disposal of the above-described property, by mortgage, corporate transfer, or otherwise, without prior approval of the court upon notice to the United States and an opportunity for the United States to be heard." *Id.* at 3.

On June 29, 2020, Supravsky was convicted in Belgium of forgery, fraud, abuse of trust, and embezzlement. *See* ECF No. 11 at 3. On May 19, 2021, the Belgian appellate court upheld Supravsky's criminal convictions and the forfeiture of the property subject to this Court's restraining order. *See id.* at 4.

On or about September 2, 2020, the mortgage holder filed for foreclosure of the Bay Road Property. *See id.* The government did not oppose the foreclosure action, "because the United States would have to pay out the defaulted mortgage loan from any final forfeiture proceeds with accruing interest and penalties, so a substantial delay in the foreclosure would have further diminished the amount of proceeds that could be recovered on behalf of the Kingdom of Belgium." *Id.* at 5.

The Bay Road Property sale generated approximately $1.1 million in surplus proceeds. *See id.* The Court Registry for the Miami-Dade County Clerk of Courts (11th Judicial Circuit of Florida) currently hold these proceeds. *See id.* Supravsky subsequently filed a motion with the Floridian court to receive the remaining surplus despite the Belgian and American restraining orders. *See id.*

II.     ANALYSIS

"[T]he Supreme Court characterized the prejudgment seizure of real property as a deprivation that 'gives the Government not only the right to prohibit sale, but also the right to evict occupants, to modify the property, to condition occupancy, to receive rents, and to supersede the owner in all rights pertaining to the use, possession, and enjoyment of the property.'" *United States v. 22 Santa Barbara Drive*, 264 F.3d 860, 869 (9th Cir. 2001) (quoting *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 54 (1993)).  Use of the property includes the sale of it. *See United States v. 2659 Roundhill Dr.*, 194 F.3d 1020, 1025 (9th Cir. 1999).  Thus, the "Government is also entitled to forfeit the percentage of appreciation in [real property] that is traceable to the tainted funds expended on [it]." *In re 650 Fifth Ave.*, No. 08-cv-10934, 2014 WL 1516328, at *26 (S.D.N.Y. Apr. 18, 2014), *vacated on other grounds*, *Kirschenbaum v. 650 Fifth Ave.*, 830 F.3d 107 (2d Cir. 2016). "[F]or example, [if a person] misappropriated $10,000 and purchased stock that appreciated in value to $30,000 at the time of forfeiture, [that person] would be required to forfeit the stock." *United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998).

This Court's restraint was against the Bay Road Property in full. It has no bearing that there was a mortgage or is a post-mortgage surplus. "[I]t is well established that the defendant real property may be substituted for a sum of money. When a sum of money is substituted for the defendant property, the sum of money becomes the new defendant, also called the 'substitute

3

*res*[.]'" *United States v. $150,000.00 Res In Lieu Real Prop. & Improvements Located at 2441 Mission St.*, No. 13-cv-2062, 2014 WL 6896287, at *3 (N.D. Cal. Dec. 8, 2014) (citations omitted). The proceeds of the Bay Road Property sale became the substitute res. *See id.* This Court "[did] not lose properly acquired jurisdiction over the subject *res* simply because there [was] a shift in its control or possession." *2659 Roundhill Dr.*, 194 F.3d at 1025 (proceeds from foreclosure sale became substitute res) (citing *Republic Nat'l Bank v. United States*, 506 U.S. 80, 113 (1992)). Thus, the original restraining order covers the surplus proceeds.

Supravsky appears to hold the erroneous belief that the surplus proceeds exceed the permissible forfeiture amount. The Belgian order noted that "the amount of the probable proceeds resulting from the crime [was] USD 5,138,567.43." ECF No. 1, Ex. 2 at 7. Even if the Belgian order creates a $5,138,567.43 recovery ceiling, the surplus proceeds were below this. The sales price for the Bay Road Property was $2,850,100.00 (i.e., the initial substitute res). *See* Zillow, 4433 N Bay Rd, Miami Beach, FL 33140, https://www.zillow.com/homedetails/4433-N-Bay-Rd-Miami-Beach-FL-33140/43888716_zpid/ (last visited May 20, 2022). $5,138,567.43 > $2,850,100.00. There is no indication that after adding the value of the other restrained properties the ceiling has been reached. And this ignores that such ceiling may not apply if the gains came from the appreciation of real property.

The government opines that the proper vehicle "for pursuing a claim to the foreclosure proceeds" is set forth in § 2467. ECF No. 11 at 8. That is correct, but they incorrectly apply § 2467. The government states that it will "seek an order from this Court to establish a notice period for claims, and will serve Supravsky, his current and former counsel, the victim diamond companies and their counsel, and the Belgian corporate bankruptcy administrator." *Id.* at 9. However, "§ 2467 does not require the government to comply with [civil forfeiture notice rules

4

set forth in Supplemental] Rule G." *In re $6,871,042.36*, No. 14-mc-1222, 2021 WL 1208942, at *6 (D.D.C. Mar. 31, 2021). "The government [again] provides no argument as to why application of Rule G may be necessary to enforce the [Belgian Forfeiture Judgment]." *Id.* (cleaned up).

> Moreover, § 2467 has its own provisions to ensure adequate notice. First, it requires the foreign nation to submit, as part of its request to the Attorney General, "an affidavit or sworn declaration establishing that the foreign nation took steps, in accordance with the principles of due process, to give notice of the proceedings to all persons with an interest in [the forfeitable funds] in sufficient time to enable such persons to defend against the charges[.]" 28 U.S.C. § 2467(b)(1)(C). Second, it precludes a court from enforcing the foreign judgment if "the foreign nation did not take steps, in accordance with the principles of due process, to give notice of the proceedings to a person with an interest in the property . . . in sufficient time to enable him or her to defend" that interest. *Id.* § 2467(d)(1)(D).

*Id.* "In light of (1) the Attorney General's review and certification and (2) the lack of any evidence that [Belgium] failed to give adequate notice in accordance with § 2467(d)(1)(D), the Court finds that any due process concerns underlying the government's request . . . have already been addressed by compliance with § 2467." *Id.*; *see* ECF No. 7 at 3.

III.  CONCLUSION

This Court's November 2018 Restraining Order prohibits the surplus proceeds from the Bay Road Property sale being distributed to Supravsky or anyone else other than the government.[1]

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.